**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDRES GALICIA-JIMENEZ,** *Petitioner,* | : | |
| **v.** | : | **CIVIL NO. 26-6611** |
| **J.L. JAMISON et al.,** *Respondents.* | : | |

**ORDER**

**AND NOW,** this **3rd** day of **September 2026,** upon consideration of Petitioner Andres Galicia-Jimenez's Petition for a Writ of Habeas Corpus (ECF No. 1), it is hereby **ORDERED** that the Petition is **GRANTED.**[1] It is **FURTHER ORDERED** as follows:

1. The Government shall release Mr. Galicia-Jimenez from custody immediately and file a certificate of compliance on the docket no later than 5:00 p.m. on September 4, 2026.
2. The Government is enjoined from detaining Mr. Galicia-Jimenez under 8 U.S.C. § 1226(a) for seven (7) days following his release from custody.
3. The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

**HONORABLE KAI N. SCOTT**
**United States District Court Judge**

[1] In *Buele Morocho v. Warden Philadelphia FDC et al.*, the Third Circuit held that the Government's interpretation of the Immigration and Nationality Act's (INA) statutory scheme was incorrect for several reasons. 2026 WL 2546223, at *5–7 (3d Cir. Aug. 28, 2026). The Government's Response concedes that the Third Circuit's binding decision "applies to the facts as pled in the habeas petition." ECF No. 5 at 1. But notwithstanding that authority, the Government asks the Court (i) to recharacterize the illegal detention of Mr. Galicia-Jimenez as a legal one in which he is entitled to a bond hearing that he was previously denied or (ii) to hold this case in abeyance while the Eastern District of Pennsylvania considers a pending motion to dismiss in a related action. *Id.* at 1–2. The Court will do neither. Because Mr. Galicia-Jimenez was illegally detained under a mistaken interpretation of the INA, the Court grants the habeas petition.